1

**THE HONORABLE MARSHA J. PECHMAN**

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

RAMGEN POWER SYSTEMS, LLC, a
Washington limited liability company,

NO. 2:12-cv-01762-MJP

11

Plaintiff,

12

v.

13

AGILIS ENGINEERING, INC., a Florida
corporation,

14

15

Defendant.

**PLAINTIFF RAMGEN POWER
SYSTEMS, LLC'S MOTION FOR
DETERMINATION OF
ATTORNEY'S FEES AND COSTS**

**NOTE ON MOTION CALENDAR:
Friday, December 5, 2014**

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION FOR DETERMINATION
OF ATTORNEYS' FEES AND COSTS
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

**TABLE OF CONTENTS**

**PAGE**

I.      RELIEF REQUESTED ............................................................................................... 1

II.     ARGUMENT ............................................................................................................ 1

      1.      Ramgen's Lodestar Calculation is Based on Reasonable Billing Rates
          for Kelley Goldfarb ............................................................................................ 2

      2.      Ramgen's Lodestar Calculation is Based on a Reasonable Number of
          Hours Expended by Kelley Goldfarb on This Litigation ................................... 3

      3.      Ramgen Requests That the Court Apply a Multiplier of 1.2 to the
          Lodestar Calculation ......................................................................................... 6

      4.      Ramgen's Litigation Costs ................................................................................ 7

III.    CONCLUSION ......................................................................................................... 8

PLAINTIFF'S MOTION FOR DETERMINATION
OF ATTORNEYS' FEES AND COSTS - i
CASE NO. 2:12-cv-01762-MJP

**KELLEY, GOLDFARB,
HUCK & ROTH, PLLC**
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1

## TABLE OF AUTHORITIES

**PAGE**

2

**CASES**

3

*Bloor v. Fritz*,
        143 Wn. App. 718 (2008) ................................................................................ 5, 6, 7

4

*Bowers v. Transamerica Title Ins. Co.*,
        100 Wn.2d 581 (1983) .......................................................................................... 2, 3

5

*Castello v. City of Seattle*,
        No. C10-1457MJP, 2011 WL 219671 (W.D. Wash. Jan. 24, 2011) ............................ 2

6

*Crest Inc. v. Costco Wholesale Corp.*,
        128 Wn. App. 760 (2005).......................................................................................... 2

7

*Clausen v. Icicle Seafoods, Inc.*,
        174 Wn.2d 70 (2012) ................................................................................................ 2

8

*Collings v. City First Mortgage Servs.*, LLC,
        177 Wash. App. 908 (2013)   ................................................................................... 6

9

*Ernst Home Center, Inc. v. Sato*,
        80 Wn. App. 473 (1996) ........................................................................................... 7

10

*Ethridge v. Hwang*,
        105 Wn. App. 447 (2001) ...................................................................................... 5, 7

11

*Hensley v. Eckerhart*,
        461 U.S. 424 (1983) ................................................................................................. 4

12

*Herrera v. Singh,*
        103 F. Supp. 2d 1244 (E.D. Wash. 2000)................................................................... 2

13

*In re Washington Mut., Inc. Sec. Litig.*,
        No. 08-MD-1919 MJP, 2011 WL 8190466 (W.D. Wash. Nov. 4, 2011) ..................... 6

14

*Mangold v. California Pub. Utilities Comm'n*,
        67 F.3d 1470 (9th Cir. 1995) ................................................................................ 1, 2

15

*Martinez v. City of Tacoma*,
        81 Wn. App. 228 (1996) ........................................................................................... 4

16

*Miller v. Kenny*,
        180 Wn. App. 772 (2014) ..................................................................................... 3, 6

---

PLAINTIFF'S MOTION FOR DETERMINATION
OF ATTORNEYS' FEES AND COSTS - ii
CASE NO. 2:12-cv-01762-MJP

**KELLEY, GOLDFARB,
HUCK & ROTH, PLLC**
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

*Smith v. Behr Process Corp.*,
        113 Wn. App. 306 (2002)...................................................................................................... 2

**STATUTES**

28 U.S.C. § 1920 ...................................................................................................................... 7

PLAINTIFF'S MOTION FOR DETERMINATION
OF ATTORNEYS' FEES AND COSTS - iii
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1

## I.  RELIEF REQUESTED

2

In the Court's Findings of Fact and Conclusions of Law [Dkt. No. 129] and the

3

Judgment in a Civil Action [Dkt. No. 131] (the "Judgment") entered in this action, Plaintiff

4

Ramgen Power Systems, LLC ("Ramgen") has been awarded its costs and attorneys' fees in

5

an amount to be determined by subsequent motion and included by amendment to the

6

Judgment.

7

Accordingly, Ramgen respectfully requests that the Court enter the Amended

8

Judgment in a Civil Action submitted herewith, determining the amount of costs awarded to

9

Ramgen to be $62,381.34 and determining the amount of attorneys' fees awarded to Ramgen

10

to be $1,088,880.00.  Ramgen's attorneys' fees request is based on (i) a "lodestar" calculation

11

totaling $907,400.00, applying the reasonable hourly rates of Ramgen's counsel Kelley,

12

Goldfarb, Huck & Roth, PLLC ("Kelley Goldfarb") to the hours reasonably expended by

13

Kelley Goldfarb on the litigation; and (ii) multiplying that lodestar calculation by a 1.2

14

enhancement, in light of the contingency fee retention and risks of nonpayment undertaken by

15

Kelley Goldfarb.

16

As set forth below and in the Declaration of Michael A. Goldfarb submitted herewith

17

(the "Goldfarb Declaration" or "Goldfarb Dec."), the amount of costs and attorneys' fees

18

sought by Ramgen are reasonable and proper.

19

## II.  ARGUMENT

20

Washington State law governs the method for calculating an award of reasonable

21

attorneys' fees and costs, given the Court's diversity jurisdiction over this lawsuit, as well as

22

the Washington State law claims for breach of contract and breach of express warranties upon

23

which Ramgen has prevailed.  *See, e.g.*, *Mangold v. California Pub. Utilities Comm'n*, 67

24

PLAINTIFF'S MOTION FOR DETERMINATION
OF ATTORNEYS' FEES AND COSTS - 1
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1    F.3d 1470, 1478 (9th Cir. 1995).   Washington courts apply the "lodestar" method to

2    determine a reasonable attorneys' fee where, as here, the award is made under a contract.

3    *Crest Inc. v. Costco Wholesale Corp.*, 128 Wn. App. 760, 773, 115 P.3d 349 (2005)  ("In the

4    absence of a predetermined method set forth in the contract itself, the proper method for the

5    calculation of a reasonable fee award is the lodestar method.").

6         The lodestar calculation involves "multiplying the total number of hours reasonably

7    expended in the litigation by the reasonable hourly rate."  *Clausen v. Icicle Seafoods, Inc.*,

8    174 Wn.2d 70, 81, 272 P.3d 827 (2012).  "Once the lodestar has been calculated, the court

9    may adjust the fee to reflect factors not considered yet.  The two categories for adjustment are

10   based on whether the fee was contingent on the outcome and the quality of work performed."

11   *Id.*; *see also Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 593-94, 675 P.2d 193

12   (1983).

13        **1.    Ramgen's Lodestar Calculation is Based on Reasonable Billing Rates for
                  Kelley Goldfarb.**
14
15        "In determining the attorney's reasonable hourly rate, the trial court may consider the

16   skill level the litigation requires, the time limitations the litigation imposes, the size of the

     potential recovery, the attorney's reputation, and the undesirability of the case."  *Smith v.*
17
     *Behr Process Corp.*, 113 Wn. App. 306, 341, 54 P.3d 665 (2002) (citing *Bowers*, 110 Wn.2d
18
     at 597).  "Where the attorneys in question have an established rate for billing clients, that rate
19
     will likely be a reasonable rate."  *Bowers*, 100 Wn.2d at 579; *see also Herrera v. Singh,* 103
20
     F. Supp. 2d 1244, 1253 (E.D. Wash. 2000) ("The usual billing rate for a comparable attorney
21
     is a main factor.").   "Calculations of the reasonable rate will also be guided by the
22
     marketplace."  *Castello v. City of Seattle*, No. C10-1457MJP, 2011 WL 219671, at *2 (W.D.
23
     Wash. Jan. 24, 2011).
24
     PLAINTIFF'S MOTION FOR DETERMINATION
     OF ATTORNEYS' FEES AND COSTS - 2
     CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1

2

3

4

5

6

7

8

9

Here, Ramgen seeks fees determined by applying the established rates typically charged by Ramgen's counsel, Kelley Goldfarb.  Those hourly rates are detailed in the Goldfarb Declaration, and, for instance, range from $300 to $400 for the Kelley Goldfarb attorneys of record in this litigation.  Goldfarb Dec. at ¶¶ 6-7.  As set forth in greater detail in the Goldfarb Declaration, those rates are reasonable given the background and experience of Kelley Goldfarb's attorneys, the skill required by the undisputed factual complexity of this action, the amount of damages at issue in the litigation, and the prevailing rates in the Seattle-area legal market.  *See* Goldfarb Dec. at ¶¶ 2-10, 14.  Accordingly, Ramgen respectfully requests an award of attorneys' fees utilizing those rates for the lodestar calculation.

10

11

### 2. Ramgen's Lodestar Calculation is Based on a Reasonable Number of Hours Expended by Kelley Goldfarb on This Litigation.

12

13

14

15

16

17

18

19

20

In order to determine if the number of hours expended is reasonable, the attorneys "'must provide reasonable documentation of the work performed.  This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (i.e., senior partner, associate, etc.).'"  *Miller v. Kenny*, 180 Wn. App. 772, 822, 325 P.3d 278 (2014) (quoting *Bowers*, 100 Wn.2d at 597) (affirming trial court's lodestar calculation of over $1 million in attorneys' fees based on a total of 3,229.8 hours, *even* where hours were not based on billing records but were arrived at by counsel's "going through the correspondence file and the extensive trial docket after the trial was over and estimating the time related to each item for each timekeeper").

21

22

23

24

In general, the Court may reduce the loadstar hours for time spent on unsuccessful claims.  *Miller*, 180 Wn. App. at 824.  "But where the plaintiff's claims involve a common core of facts and related legal theories, 'a plaintiff who has won substantial relief should not

PLAINTIFF'S MOTION FOR DETERMINATION
OF ATTORNEYS' FEES AND COSTS - 3
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1  have his attorney's fee reduced simply because the district court did not adopt each contention

2  raised.'" *Martinez v. City of Tacoma*, 81 Wn. App. 228, 243, 914 P.2d 86 (1996) (citing

3  *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).  As the

4  Supreme Court explained in *Hensley:*

5
6
7
8
> In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

9  *Hensley*, 461 U.S. at 435.

10  Here, the Goldfarb Declaration describes the categories, qualifications, and experience

11  of the Kelley Goldfarb attorneys who worked on the litigation, and includes detailed time

12  records, itemizing the services performed by those attorneys by date and the hours expended.

13  Goldfarb Dec. at ¶¶ 2-5, 11-15, Exs. A-B.

14  In addition, the claims on which Ramgen prevailed share a common core of facts with

15  Ramgen's unsuccessful claims, including the damages and relief requested.  While the Court

16  denied Ramgen's claims for breach of implied warranties under the Uniform Commercial

17  Code ("UCC") and for professional negligence, the matters at issue in those claims were

18  essentially the same as Ramgen's claims for breach of contract and breach of express

19  warranty, on which Ramgen prevailed.  Namely, the issues central to all of the claims were

20  the cause of the Rig's failure and whether Agilis breached a contract promise, a warranty, or a

21  standard.  Moreover, the damages awarded by the Court on Ramgen's successful claims were

22  the same as the damages Ramgen sought under its unsuccessful claims.  Thus, "the court is not

23  required to artificially segregate time in a case, such as this one, where the claims all relate to the

24

PLAINTIFF'S MOTION FOR DETERMINATION
OF ATTORNEYS' FEES AND COSTS - 4
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1    same fact pattern, but allege different bases for recovery." *Ethridge v. Hwang*, 105 Wn. App.

2    447, 461, 20 P.3d 958 (2001); *see also Bloor v. Fritz*, 143 Wn. App. 718, 747, 180 P.3d 805

3    (2008) (claims were inseparable where they "arose out of the same set of facts").

4            Nevertheless, in an effort to avoid any doubt that the hours underlying Ramgen's lodestar

5    calculation are reasonable, Ramgen has excluded from those hours the time spent by Ramgen's

6    counsel to defeat Agilis's second motion to dismiss, which motion was directed at Ramgen's

7    UCC claims.  And Ramgen has excluded the time spent by Ramgen's counsel considering options

8    for bringing a motion for summary judgment, since Ramgen ultimately did not file a summary

9    judgment motion.  Goldfarb Dec. at ¶¶ 16-17.

10           Likewise, Ramgen has also excluded the following from its lodestar hours, to ensure

11   its lodestar hours do not include even potentially duplicated or inefficient time:

12       •       the time spent by Ramgen's counsel for initial case evaluation,

13       •       the time spent by Ramgen's counsel investigating and understanding the
14                discovery landscape and developing a strategy and plan for discovery after
15                denial of Agilis's motions to dismiss, and

16       •       the time spent by  paralegals and by a  law clerk during discovery and through
17                trial.

18   Goldfarb Dec. at ¶¶ 18-20.

19           The  hours  submitted  in  support  of  Ramgen's  lodestar  calculation  are  amply

20   reasonable.  This technically complex matter entailed a formidable amount of discovery and

21   factual analysis.  As a few examples, the parties exchanged a half-terabyte of data in

22   discovery — most of which comprised technically complicated engineering materials — and

23   conducted 19 depositions.  Agilis also submitted separate expert reports from no less than 14

24

PLAINTIFF'S MOTION FOR DETERMINATION
OF ATTORNEYS' FEES AND COSTS - 5
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1   experts.   Ramgen also successfully defeated two motions to dismiss and a motion for

2   summary judgment by Agilis, as well as prevailing in large part on the parties' pretrial

3   motions.  Goldfarb Dec. at ¶¶ 14-15, 23.  After eight days of trial, Ramgen's counsel achieved

4   a judgment for Ramgen totaling $8,607,303.72.  *See* Judgment at 2.

5          Accordingly, Ramgen respectfully requests an award of attorneys' fees using the

6   loadstar amount of $907,400.00, based upon the hours and rates set forth in the Goldfarb

7   Declaration.  Goldfarb Dec. at ¶ 21.

8          **3.        Ramgen Requests That the Court Apply a Multiplier of 1.2 to the**
           **Lodestar Calculation.**

9

10          Courts may apply a multiplier to the lodestar fee amount based on the contingent

11  nature of a case and the risk that counsel will not be paid if no recovery is obtained.  *See In re*

12  *Washington Mut., Inc. Sec. Litig.*, No. 08-MD-1919 MJP, 2011 WL 8190466, at *1 (W.D.

13  Wash. Nov. 4, 2011) ("In considering the lodestar multiplier, the Court finds that a multiplier

14  of 1.2 is reasonable and properly reflects the risk of non-payment and the challenges

15  Plaintiffs' counsel faced in pursuing this contingency-based case."); *Miller*, 180 Wn. App. at

16  826 (affirming trial court finding that "[a] lodestar multiplier of 1.5 is appropriate given the

17  contingent representation and risks this matter presented …."); *Collings v. City First*

18  *Mortgage Servs.*, LLC, 177 Wn. App. 908, 928-29, 317 P.3d 1047 (2013) ("The trial court

19  found a multiplier of 1.2 was appropriate because of the risk: plaintiffs' counsel carried the

20  entirety of fees and costs….  Here, given the risk assumed by counsel in taking the Collings

21  case, the trial court's application of a multiplier rests on tenable grounds."); *Bloor v. Fritz*,

22  143 Wn. App. 718, 749, 180 P.3d 805 (2008) (affirming 1.2x multiplier based on contingency

23  risk).

24

PLAINTIFF'S MOTION FOR DETERMINATION
OF ATTORNEYS' FEES AND COSTS - 6
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1    Here, except for approximately $40,000 billed before the matter was converted to a

2    contingency arrangement, Kelley Goldfarb's compensation was and is entirely dependent on

3    Ramgen's ability to prevail in the case and then recover from Agilis.   Pre-judgment, the

4    technical complexity of this case posed substantial litigation risk, and Agilis was "steadfast in

5    [its] denial of responsibility."  *Bloor*, 143 Wn. App. at 749.  Further, there is a risk of non-

6    payment of the Judgment entered in this litigation.   For example, Agilis Engineering, Inc. has

7    "threatened" bankruptcy.  Agilis also appears to have intentionally structured its corporate

8    entities to impede collection efforts and thwart recovery.   In fact, the day after the trial in this

9    action concluded, Agilis incorporated a new entity called "Agilis, Inc."    *See* Goldfarb Dec. at

10   ¶¶ 23-24.   Given the past and future risk of non-recovery, a modest 1.2 multiplier is

11   warranted.

12   Accordingly, Ramgen respectfully requests that the Court apply a 1.2 multiplier to the

13   lodestar calculation in determining the award of attorneys' fees to Ramgen.

14   **4.      Ramgen's Litigation Costs.**

15   Under Washington law, in addition to taxable costs, the court may award the

16   prevailing party its other litigation costs in a dispute regarding a contract with an attorneys'

17   fees and costs clause.  *Ernst Home Center, Inc. v. Sato*, 80 Wn. App. 473, 491, 910 P.2d 486

18   (1996) (finding that costs provision in contract "would be superfluous if interpreted to mean

19   the equivalent of statutory costs"); *see also Ethridge*, 105 Wn. App. at 462.

20   As set forth in the Goldfarb Declaration, Ramgen has submitted a Cost Bill under 28

21   U.S.C. § 1920 et seq. and also incurred additional costs in this litigation.  Together, Ramgen's

22   taxable and non-taxable costs total $62,381.34.  *See* Goldfarb Dec. at ¶¶ 25-27, Exs. D-F.

23

24

PLAINTIFF'S MOTION FOR DETERMINATION
OF ATTORNEYS' FEES AND COSTS - 7
CASE NO. 2:12-cv-01762-MJP

**KELLEY, GOLDFARB,
HUCK & ROTH, PLLC**
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1   Ramgen respectfully requests that the Courts' award of costs to Ramgen comprise this

2   amount.

3                          **III.    CONCLUSION**

4           For the foregoing reasons, Ramgen respectfully requests that the Court enter the

5   Amended Judgment in a Civil Action submitted herewith, determining the amount of costs

6   awarded to Ramgen to be $62,381.34 and determining the amount of attorneys' fees awarded

7   to Ramgen to be $1,088,880.00.

8           RESPECTFULLY SUBMITTED this 20th day of November, 2014.

9                                               **KELLEY, GOLDFARB, HUCK & ROTH, PLLC**

10                                              *s/ Michael A. Goldfarb*
                                                Michael A. Goldfarb,   WSBA No. 13492
11                                              *s/ Christopher M. Huck*
                                                Christopher M. Huck,   WSBA No. 34104
12                                              *s/ Kit W. Roth*
                                                Kit W. Roth,               WSBA No. 33059
13                                              *s/ R. Omar Riojas*
                                                R. Omar Riojas,          WSBA No. 34500
14                                              700 Fifth Avenue, Suite 6100
                                                Seattle, WA 98104
15                                              Telephone:     (206) 452-0260
                                                Facsimile:     (206) 397-3062
16                                              E-mail:  goldfarb@kdg-law.com
                                                         huck@kdg-law.com
17                                                       roth@kdg-law.com
                                                         riojas@kelleygoldfarb.com
18
                                                Attorneys for Plaintiff
19                                              Ramgen Power Systems, LLC

20

21

22

23

24

PLAINTIFF'S MOTION FOR DETERMINATION
OF ATTORNEYS' FEES AND COSTS - 8
CASE NO. 2:12-cv-01762-MJP

1

### CERTIFICATE OF SERVICE

2

The undersigned certifies that the foregoing document was filed electronically with the

3

Clerk of the Court using the CM/ECF system on November 20, 2014 and was served via the

4

Court's CM/ECF system on all counsel of record.

5

6

*/s/ Michael A. Goldfarb*
Michael A. Goldfarb, WSBA No. 13492

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S MOTION FOR DETERMINATION
OF ATTORNEYS' FEES AND COSTS - 9
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062