1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**THE HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAMGEN POWER SYSTEMS, LLC, a Washington limited liability company,<br><br>                      Plaintiff,<br><br>v.<br><br>AGILIS ENGINEERING, INC., a Florida corporation,<br><br>                      Defendant. | NO. 2:12-cv-01762-MJP<br><br>**DECLARATION OF MICHAEL A. GOLDFARB IN SUPPORT OF PLAINTIFF'S MOTION FOR DETERMINATION OF ATTORNEYS' FEES AND COSTS**<br><br>**NOTE ON MOTION CALENDAR: Friday, December 5, 2014** |

I, Michael A. Goldfarb, do hereby state and declare as follows:

1.      I am an attorney with Kelley, Goldfarb, Huck & Roth, PLLC ("Kelley Goldfarb").  I am one of the attorneys representing plaintiff Ramgen Power Systems, LLC ("Ramgen") in this action.  I make this declaration on personal knowledge and am competent to testify on the facts set forth in this declaration in support of Plaintiff Ramgen Power Systems, LLC's Motion for Determination of Attorney's Fees and Costs.

<u>**QUALIFICATIONS**</u>

2.      I am a partner at Kelley Goldfarb.  Kelley Goldfarb has repeatedly been named a "Best Law Firm" by *U.S. News & World Report*.  I received a Juris Doctor degree from the University of Washington in 1983 and have been practicing law for more than thirty years.  I

DECLARATION OF MICHAEL A. GOLDFARB - 1
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB, HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX: (206) 397-3062

1   am admitted to practice before all state courts in Washington, the United States District

2   Courts for the Western District of Washington and the Eastern District of Texas, and the

3   United States Court of Appeals for the Ninth Circuit.  I am AV rated by Martindale Hubbell

4   and have repeatedly been named a "Super Lawyer" by Washington Law & Politics magazine.

5   I periodically serve as an instructor in the University of Washington trial advocacy program.

6   The continuous focus of my practice since 1983 has been in the area of commercial litigation.

7   I have tried and arbitrated numerous cases in the courts in the state of Washington and

8   elsewhere, including California, Ohio, and New York.  For example, in the last several years,

9   I defended the Snohomish County PUD against multi-million dollar claims by Enron,

10  successfully brought claims against the Bonneville Power Administration in the Ninth Circuit

11  Court of Appeals, and settled a substantial matter on behalf of a plaintiff under the

12  Washington State Securities Act.

13         3.      Christopher Huck, a partner at Kelley Goldfarb and counsel of record in this

14  action, received a Juris Doctor degree from the University of Notre Dame in 2000 and has

15  been practicing law for more than 14 years.  Mr. Huck is admitted to practice before all state

16  and federal courts in Washington; all state courts in New York; the United States District

17  Courts for the Southern District of New York, the Eastern District of Texas, and the Eastern

18  District of Wisconsin; the United States Court of Appeals for the Ninth Circuit, Fourth

19  Circuit, and Federal Circuit; and the United States Supreme Court.   Mr. Huck is an

20  experienced litigator whose practice focuses on commercial and class action litigation

21  encompassing a variety of subject matters, including securities, consumer protection,

22  intellectual property, and contracts.  He has represented both plaintiffs and defendants before

23  state and federal courts around the country at all levels, including at trial.  His clients have

24

DECLARATION OF MICHAEL A. GOLDFARB - 2
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1   included Fortune 500 companies, small entities, and individuals.  Prior to joining Kelley

2   Goldfarb, Mr. Huck was a commercial litigator at large defense firms (Skadden, Arps, Slate,

3   Meagher & Flom LLP and DLA Piper LLP (US)), a national plaintiffs firm (Milberg LLP)

4   and, most recently, a boutique litigation firm (formerly Peterson Young Putra).  He has

5   repeatedly been named a "Best Lawyer" by *U.S. News & World Report*.  Mr. Huck has also

6   been named a "Super Lawyer," and has repeatedly been named a "Rising Star," by

7   Washington Law & Politics magazine.

8          4.      Kit Roth, a partner at Kelley Goldfarb and counsel of record in this action,

9   received a Juris Doctor degree from the University of Washington in 2002, with honors, and

10  is a member of the Order of the Coif.  Mr. Roth is admitted to practice before all state and

11  federal courts in Washington, the United States District Courts for the Eastern District of

12  Texas and the Eastern District of Wisconsin, and the United States Court of Appeals for the

13  Ninth Circuit and Federal Circuit.  He has been practicing law for more than 11 years.

14  Mr. Roth has extensive experience with various types of intellectual property and technology

15  litigation, as well as high-stakes commercial litigation, securities litigation, shareholder and

16  consumer class actions, derivative/fiduciary breach actions, and corporate governance

17  litigation.  Mr. Roth has also represented public and private companies and directors/officers

18  in SEC and DOJ inquires and proceedings and has conducted internal investigations.  Prior to

19  joining Kelley Goldfarb, Mr. Roth was a commercial litigator at large defense firms (DLA

20  Piper LLP (US) and Fenwick & West LLP).  Following law school, he was a Law Clerk for

21  the Honorable Judge Karen Seinfeld of the Washington State Court of Appeals.  Mr. Roth has

22  been repeatedly named a "Rising Star" by Washington Law & Politics magazine.

23

24

DECLARATION OF MICHAEL A. GOLDFARB - 3
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX: (206) 397-3062

5.      R. Omar Riojas, a  at Kelley Goldfarb and counsel of record in this action, received a Juris Doctor degree from Stanford University in 2003 and has been practicing law for the past 10 years.  Mr. Riojas is admitted to practice before all state and federal courts in Washington and the United States Court of Appeals for the Ninth Circuit.   Mr. Riojas concentrates in complex commercial litigation in state and federal court, including securities, consumer, and wage-and-hour class actions, and corporate governance litigation.  He also has experience in litigation concerning employment, insurance, financial institutions, and real estate.  His clients have included Fortune 500 companies, small businesses, and individuals, as plaintiffs and defendants in state and federal court.  Mr. Riojas has been named a "Super Lawyer" and a "Rising Star" by Washington Law & Politics magazine.   Prior to joining Kelley Goldfarb, Omar was a business litigator at large defense firms (DLA Piper LLP (US) and Heller Ehrman LLP).   Following law school, he was a Judicial Extern Clerk for the Honorable Ricardo S. Martinez of the United States District Court for the Western District of Washington.

### RATES

6.      Kelley Goldfarb's representation of Ramgen in this matter began on an hourly fee basis.  In April 2013, Ramgen and Kelley Goldfarb converted Kelley Goldfarb's retention to a contingency fee arrangement.  Before converting to a contingency fee arrangement, the hourly rates that Kelley Goldfarb charged Ramgen were $400 for attorney Michael Goldfarb (MAG), $350 for attorney Christopher Huck (CMH), $200 for law clerks Lauren Vane (LEV) and Brian Ritchie (BJR), and $150 for paralegal Karen Kafader (KK).  Ramgen is seeking attorneys' fees for these individuals at the aforementioned hourly rates, which were negotiated and paid by Ramgen.  After this case was converted to a contingent fee case, Ramgen has not

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

included any time for paralegals and law clerks as a part of its lodestar application. Several months after converting the arrangement to a contingency fee, attorneys Kit Roth (KWR) and R. Omar Riojas (RR) began work on the matter, in light of the significant efforts required for discovery and technical analysis in the litigation. Ramgen is seeking attorneys' fees for Messrs. Roth and Riojas at the hourly rate of $300.

7.      These rates are typical of the rates that Kelley Goldfarb charges in hourly-billed cases for the aforementioned attorneys and staff. Clients, including individuals, nonprofit organizations, small business, government agencies, and multinational corporations, are regularly billed and pay these rates. In my estimation, these rates are reasonable, if not conservative, given the experience and qualification of our professionals, the highly technical and complex nature of the engineering and design matters at issue in Ramgen's claims and defendant Agilis Engineering, Inc.'s ("Agilis") defenses, the amount of damages suffered by Ramgen and the judgment entered in the litigation totaling many millions of dollars, and the market conditions of the Seattle-area legal market.

8.      On November 14, 2014, the Honorable Marc L. Barreca of the United States Bankruptcy Court for the Western District of Washington approved a $400 hourly rate for myself, a $200 hourly rate for Mr. Ritchie, and a $150 hourly rate for Kelley Goldfarb paralegal Angela Trinh, in the matter *In Re: Kreidler*, 12-14364-MLB.

9.      Messrs. Huck and Riojas's hourly rates were over $500 at the time they were with the Seattle office of DLA Piper LLP (US), and Mr. Roth's hourly rate was also over $500 at the time he was with the Seattle office of Fenwick & West LLP. Those rates were set by the marketplace — but the rates charged for these lawyers is less at our firm and represents a conservative rate for these professionals in this market.

DECLARATION OF MICHAEL A. GOLDFARB - 5
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

10.     Our rates are commensurate with or less than rates charged by lawyers of similar experience in this market that have been approved in this District and by Washington Courts.  By way of example, in the past five years, Washington courts and this Court have routinely approved similar or higher hourly rates than those requested here for similar lawyers in the Seattle market.  In *Getty Images (U.S.), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 1744522, at *3 (W.D. Wash. Apr. 29, 2014), the Honorable James L. Robart approved the following hourly rates for the prevailing party's attorneys at Yarmuth Wilsdon PLLC, a boutique Seattle law firm focusing on commercial litigation:

- $465 for Scott Wilsdon (graduated law school in 1988)
- $385 for Jeremy Roller (graduated law school in 2001)
- $275 for Elizabeth Weinstein (graduated law school in 2005)
- $180 for paralegals

*Id.*

Similarly, in *Cabela's Wholesale Inc. v. Hawks Prarie Inv. LLC*, No. C11-5973 RBL, 2014 WL 1660624 (W.D. Wash. Apr. 25, 2014) — a commercial case involving a contract with an attorney's fee provision — the Honorable Ronald B. Leighton of this Court's Tacoma branch[1] approved the following rates for the law firm Hacker & Willig, a boutique Seattle law firm comparable to Kelley Goldfarb:

- $375-$425 for Donald Hacker (partner; graduated law school in 1979)
- $375-$425 for Arnold Willing (partner; graduated law school in 1990)
- $375-$425 for Elizabeth Shea (partner; graduated law school  in 1997)
- $300-$325 for Charles Butler (associate; graduated law school in 2005)
- $150 for paralegals

---

[1] The Court may take judicial notice of the fact that attorney rates in Tacoma are slightly lower than those in Seattle.  Given that, the rates at issue in *Cabela's* are all the more reasonable for a Seattle case.

DECLARATION OF MICHAEL A. GOLDFARB - 6
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1   *Id.* at \*2; *see also Clark v. Payless Shoesource, Inc., No.* C09-0915-JCC, 2012 WL 3064288,

2   at \*3 (W.D. Wash. July 27, 2012) (awarding rates of $515 to $600 per hour, plus a 1.25x

3   multiplier); *In re Washington Mut., Inc. Sec. Litig.*, No. 08-MD-1919 MJP, 2011 WL

4   8190466, at \*1 (W.D. Wash. Nov. 4, 2011) ("The Court determines that the benchmark for

5   quality and experienced counsel in this community does not exceed $525 an hour.");

6   *Cornhusker Cas. Ins. Co. v. Kachman*, No. CIV. 2:09-CV00273RBL, 2009 WL 2853119, at

7   \*4 (W.D. Wash. Sept. 1, 2009) (awarding rates from $350 to $450 per hour, plus a 1.25x

8   multiplier); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326 (W.D. Wash. 2009)

9   (awarding rates of $415 to $760 per hour to Seattle counsel, plus a 1.82x multiplier); *Miller v.*

10   *Kenny*, 180 Wn. App. 772, 820, 325 P.3d 278 (2014) (affirming award of $400 to $450 per

11   hour for senior attorney, $325 for additional attorneys, and $300 to $450 for appellate

12   counsel, plus a 1.5x multiplier).

13   **<u>HOURS BILLED</u>**

14   11.    Attached as **Exhibit A** are copies of invoices that Ramgen paid for Kelley

15   Goldfarb's attorneys' fees and costs before the retention was converted to a contingent fee in

16   April 2013.

17   12.    Attached as **Exhibit B** is a detailed billing summary of Kelley Goldfarb's time

18   entries after the retention was converted to a contingent fee arrangement, and through trial.

19   13.    The invoices in **Exhibit A** and time entries in the billing summary in **Exhibit**

20   **B** include a detailed, itemized breakdown of the services provided, including dates of service,

21   the identity of the person performing the service (indicated by the person's initials, referenced

22   above), and the total time spent and fees incurred.  The invoices and time entries have been

23   redacted to preserve attorney-client privilege and work-product, and no waiver of any

24

DECLARATION OF MICHAEL A. GOLDFARB - 7
CASE NO. 2:12-cv-01762-MJP

**KELLEY, GOLDFARB,**
**HUCK & ROTH, PLLC**
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1    privilege is intended.  We will provide un-redacted copies of the invoices and time entries for

2    the Court's in-camera review, if deemed necessary, but we believe that the entries in the form

3    submitted are sufficient to comply with the detail required under law and we have endeavored

4    in all cases to provide sufficient detail.

5         14.    The time expended by Kelley Goldfarb on this litigation was reasonable.  The

6    litigation involved a variety of highly technical engineering and design issues.    The time

7    period at issue spanned more than a year of engineering design, development, manufacturing,

8    and assembly activities, by many Agilis engineers from the Rig's inception to the time of its

9    failure and the post-failure analysis.  The complexity of the case was exacerbated by the fact

10   that Agilis asserted myriad different (and contradicting) theories regarding the cause of the rig

11   failure, in no less than 14 separate expert reports.  Substantial work was required to determine

12   the true cause of the failure and to prepare and present that case.  But in addition, substantial

13   time was spent dealing with each of the changing theories that Agilis offered.  Even in the

14   weeks before trial it was not clear what Agilis's actual trial defenses would be.  As just one

15   example, Agilis's claim that movement in the slab under the Rig had caused the failure was

16   not abandoned until the time the trial commenced, when Agilis abandoned that and other

17   defenses — but only after very substantial effort was required to meet each one.

18        15.    In short, Kelley Goldfarb expended substantial time investigating the

19   technology at issue, reviewing the many thousands of pages of highly technical documents

20   and materials provided by both parties, preparing for 19 depositions, and working with

21   experts and Ramgen engineers to understand the cause of the Rig's failure and to dispel

22   Agilis's many theories.   Additional time was also required to review, analyze, and synthesize

23   Agilis's document productions, because that Agilis produced its documents in native form,

24

DECLARATION OF MICHAEL A. GOLDFARB - 8
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

without bates numbers and often involving significant duplication.  Substantial time was also incurred in motions practice.  For example, Ramgen successfully defeated two motions to dismiss filed by Agilis.  Likewise, Agilis's summary judgment motion was denied, but it required substantial briefing on Ramgen's part.  In addition, because Agilis sought to introduce a variety of improper evidence and theories, substantial motions in limine were required — most of which were ultimately granted either at the pretrial conference or later during the trial when renewed.  At the trial both sides had three counsel present, which was appropriate given the complexity of the issues.

16.    In an effort to avoid any doubt that the attorneys' fees Ramgen seeks are reasonable, Ramgen is not seeking several categories of time expended by Kelley Goldfarb on the litigation.  <u>First</u>, although all of Ramgen's claims involve a common core of facts and related legal theories (e.g., the cause of the Rig's failure and Agilis's breach of express or implied representations, warranties, and standards), Ramgen is not seeking attorneys' fees for time expended by Kelley Goldfarb to defeat Agilis's second motion to dismiss, which motion was directed at Ramgen's Uniform Commercial Code ("UCC") claims, as well as other time uniquely spent on Ramgen's UCC claims and other matters.  Those excluded time entries appear in the invoices attached as Exhibit A as:

- 06/22/2012 — MAG
- 07/02/2012 — BJR
- 07/02/2012 — MAG
- 01/16/2013 — CMH
- 01/17/2013 — CMH
- 01/28/2013 — CMH
- 03/18/2013 — CMH
- 03/19/2013 — CMH
- 03/20/2013 — CMH
- 03/21/2013 — CMH

DECLARATION OF MICHAEL A. GOLDFARB - 9
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

- 03/22/2013 — CMH
- 03/25/2013 — CMH

Ramgen has excluded those entries in their entirety from the attorneys' fees requested by Ramgen from Exhibit A.  With these exclusions, the lodestar attorneys' fees requested by Ramgen from Exhibit A total $29,230.

17.     Second, Ramgen is not seeking attorneys' fees for time expended by Kelley Goldfarb to analyze Ramgen's options for bringing a summary judgment motion, given that Ramgen did not file a summary judgment motion.  Those excluded time entries appear in the time entries attached as Exhibit B as:

- 02/06/2014 — CMH
- 02/07/2014 — CMH
- 04/07/2014 — CMH
- 04/08/2014 — CMH
- 04/09/2014 — CMH
- 04/16/2014 — CMH
- 04/30/2014 — RR
- 05/02/2014 — RR
- 05/05/2014 — RR
- 05/08/2014 — CMH

Ramgen has excluded those entries in their entirety from the attorneys' fees requested by Ramgen from Exhibit B. With these exclusions, the lodestar attorneys' fees requested by Ramgen from Exhibit B total $878,170.

18.     Third, Ramgen is not seeking attorneys' fees for initial case-evaluation work performed by Kelley Goldfarb at the inception of the attorney-client relationship, which time is not reflected in the invoices or time entries attached as Exhibits A and B.

19.     Fourth, Ramgen is also not seeking attorneys' fees for time spent by Kelley Goldfarb during the first few months after conversion to a contingency fee arrangement in

DECLARATION OF MICHAEL A. GOLDFARB - 10
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

April 2013.  Although Kelley Goldfarb spent a significant amount of time on the litigation during those months (as the parties moved into substantial discovery after denial of Agilis's motions to dismiss), the lion's share of that time was spent on investigating and understanding the discovery landscape and developing a strategy and plan for discovery (including frequent interactions with the client), rather than substantive document review.  Although compensable as attorneys' fees, that time has been excluded from the time entries attached as Exhibit B, in an effort to avoid any doubt regarding the reasonableness of Ramgen's attorneys' fees request.

20.    <u>Fifth</u>, although Kelley Goldfarb's paralegals and law clerk spent significant time on the litigation, Ramgen is not seeking attorneys' fees for any time spent by Kelley Goldfarb staff *after* conversion to a contingency fee arrangement.  Thus, the time entries attached as Exhibit B include only time expended by Kelley Goldfarb attorneys.

21.    In summary, after the aforementioned exclusions, the total lodestar attorneys' fees amount requested by Ramgen (i.e., from both Exhibit A and Exhibit B) is $907,400.00.

22.    This amount was reasonably and necessarily incurred based upon the hourly rates of the attorneys, the hours spent, the complexity of the case, and the result achieved.

## FEE MULTIPLIER

23.    As the result at trial indicates, Kelley Goldfarb provided a high quality of legal representation in this action.  This was a factually complex case involving technical engineering issues.  The materials exchanged by the parties in discovery comprised a half a terabyte of data, most of it technically complicated engineering materials.  Kelley Goldfarb efficiently and effectively marshaled this information to present its case.    Ramgen ultimately

DECLARATION OF MICHAEL A. GOLDFARB - 11
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1    prevailed on the merits of the action and obtained a significant award, as set forth in the

2    Court's Findings of Fact and Conclusions of Law and the Judgment entered in this action.

3           24.    Kelley Goldfarb undertook significant risk in this engagement warranting a

4    lodestar multiplier.  Other than approximately $40,000 in fees billed before the matter was

5    converted to a contingency arrangement, Kelley Goldfarb's compensation was and is entirely

6    contingent on (1) prevailing in the case and (2) Ramgen's ability to recover on the judgment.

7    In addition to the risk always undertaken in contingent fee cases, here there is additional risk

8    concerning non-payment of the Judgment entered by the Court.  Recently, Agilis Engineering,

9    Inc. has "threatened" bankruptcy.  Agilis also appears to have intentionally structured its

10   corporate entities to impede collection efforts and thwart recovery.   As one example, the day

11   after the trial in this action concluded, Agilis incorporated a new entity called "Agilis, Inc."

12   Attached as **Exhibit C** is the Electronic Articles of Incorporation for Agilis, Inc., filed

13   October 3, 2014 and listing the same business address and officers and directors as Agilis

14   Engineering, Inc.

15                                          **<u>COSTS</u>**

16          25.    Attached as **Exhibit D** is a copy of Ramgen's Cost Bill, containing the taxable

17   costs incurred by Ramgen in the course of this lawsuit, totaling $55,938.44.  I have reviewed

18   this Cost Bill and certify that, to the best of my knowledge, (i) the information contained

19   therein is true and correct, (ii) the Cost Bill complies with LCR 54(d) and the federal statutes

20   referenced therein, and (iii) each of the costs incurred was reasonable and necessary for

21   Ramgen's prosecution of this lawsuit.  Attached as **Exhibit E** is an itemized list of the taxable

22   costs included in Ramgen's Cost Bill.

23

24

DECLARATION OF MICHAEL A. GOLDFARB - 12
CASE NO. 2:12-cv-01762-MJP

**KELLEY, GOLDFARB,
HUCK & ROTH, PLLC**
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

26.     In addition to the taxable costs contained in Ramgen's Cost Bill, Ramgen also seeks reimbursement for the costs listed in **Exhibit F** incurred by Ramgen in connection with this litigation, per the Court's award of costs to Ramgen.   These costs total $6,442.90.   I certify that, to the best of my knowledge, these costs were reasonable and necessary for Ramgen's prosecution of this lawsuit.

27.     In summary, the total amount of taxable and non-taxable costs requested by Ramgen (i.e., from both Exhibits D and F) is $62,381.34.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED on this 20th day of November, 2014 at Seattle, Washington.


*s/ Michael A. Goldfarb*
Michael A. Goldfarb, WSBA No. 13492

DECLARATION OF MICHAEL A. GOLDFARB - 13
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on November 20, 2014 and was served via the Court's CM/ECF system on all counsel of record.

*s/ Michael A. Goldfarb*
Michael A. Goldfarb, WSBA No. 13492

DECLARATION OF MICHAEL A. GOLDFARB - 14
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062