**THE HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAMGEN POWER SYSTEMS, LLC, a Washington limited liability company,<br><br>                      Plaintiff,<br><br>   v.<br><br>AGILIS ENGINEERING, INC., a Florida corporation,<br><br>                      Defendant. | NO. 2:12-cv-01762-MJP<br><br>**PLAINTIFF RAMGEN POWER SYSTEMS, LLC'S REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF ATTORNEY'S FEES AND COSTS**<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, December 5, 2014** |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
DETERMINATION OF ATTORNEYS' FEES AND COSTS
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

**TABLE OF CONTENTS**

**PAGE**

I.    ARGUMENT ................................................................................................................ 1

II.   CONCLUSION ........................................................................................................... 4

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
DETERMINATION OF ATTORNEYS' FEES AND COSTS - i
CASE NO. 2:12-cv-01762-MJP

K<small>ELLEY</small>, G<small>OLDFARB</small>,
H<small>UCK</small> & R<small>OTH</small>, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Coble v. Suntrust Mortgage, Inc.*,
  No. C13-1878 JCC, 2014 WL 4436926 (W.D. Wash. Sept. 9, 2014).............................. 2

*McPherson v. Homeward Residential*,
  No. C12-5920 BHS, 2014 WL 442378 (W.D. Wash. Feb. 4, 2014).............................. 2

*Phillips v. Newspaper Holdings, Inc.*,
  No. C11-559 RSM, 2011 WL 4829410 (W.D. Wash. Oct. 12, 2011) ............................ 3

**RULES**

FED. R. CIV. P. 6(b)(1)(B)................................................................................................ 1, 2, 3

FED. R. CIV. P. 62(a)............................................................................................................. 3

Local Civil Rule 7(b)(2) ....................................................................................................... 1

Local Civil Rule 7(j).............................................................................................................. 2

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
DETERMINATION OF ATTORNEYS' FEES AND COSTS - ii
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

I. **ARGUMENT**

Plaintiff Ramgen Power Systems, LLC ("Ramgen") respectfully submits this Reply in support of Ramgen's Motion for Determination of Attorney's Fees and Costs [Dkt. No. 132] (the "Fee Determination Motion"). Defendant Agilis Engineering, Inc. ("Agilis") has not filed an opposition to the Fee Determination Motion. Pursuant to Local Civil Rule 7(b)(2), Agilis's failure to file an opposition to the Fee Determination Motion "may be considered by the court as an admission that the motion has merit." Thus, Ramgen respectfully requests that the Court grant Ramgen's Fee Determination Motion.

Also, Ramgen brings to the Court's attention that *after* the December 1, 2014 deadline for Agilis to file an opposition to the Fee Determination Motion, Agilis filed Defendant, Agilis Engineering, Inc.'s Motion to Excuse Untimely Opposition and For Order Extending the Deadline to File a Brief in Opposition to Plaintiff's Motion for Determination of Attorney's Fees and Costs by One (1) Week [Dkt. No. 136] (the "Excuse/Extension Motion"). In its Excuse/Extension Motion, Agilis asks the Court to excuse the fact that Agilis has not filed an opposition to Ramgen's Fee Determination Motion and missed its deadline to do so, and Agilis asks the Court to extend Agilis's opposition deadline to December 9, 2014, after the Fee Determination Motion's December 5, 2014 noting date. *See* Excuse/Extension Motion at 3:24-4:2. However, the Excuse/Extension Motion should be denied and stricken as moot.

Agilis bases its Excuse/Extension Motion on FED. R. CIV. P. 6(b)(1)(B), which provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
DETERMINATION OF ATTORNEYS' FEES AND COSTS - 1
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

because of excusable neglect."[1]  Excuse/Extension Motion at 2:1-2.  Agilis has not shown good cause to excuse its failure to file an opposition to the Fee Determination Motion and extend the deadline.

Agilis's explanation for its failure to meet its opposition deadline is that Agilis's counsel mistakenly calendared the deadline for December 3, 2014, instead of the actual deadline of December 1, 2014.  *Id.* at 2:10-14.  Yet, after missing its December 1 opposition deadline, Agilis did not file any opposition on the December 3 date that Agilis's counsel mistakenly calendared as the deadline.  Instead, on December 2, Agilis apparently reviewed the Fee Determination Motion, realized that it desired even more time to oppose the Fee Determination Motion, and filed its Excuse/Extension Motion asking the Court to extend the deadline to December 9.  *See Id.* at 2:10-23; Supplemental Declaration of Michael A. Goldfarb in Support of Plaintiff's Motion for Determination of Attorneys' Fees and Costs at ¶ 2, Ex. A.  Thus, Agilis's explanation for missing its deadline and requesting an extension after the fact does not constitute good cause under FED. R. CIV. P. 6(b)(1)(B)'s "excusable neglect" standard.  *See, e.g.*, *Coble v. Suntrust Mortgage, Inc.*, No. C13-1878 JCC, 2014 WL 4436926, at *2 (W.D. Wash. Sept. 9, 2014) (finding attorney's error in interpreting the local rules was not good cause under Rule 6(b)(1)(B)); *see also McPherson v. Homeward Residential*, No. C12-5920 BHS, 2014 WL 442378, at *3-4 (W.D. Wash. Feb. 4, 2014)

---

[1] As an aside, Local Civil Rule 7(j) requires that (i) motions for relief from a deadline "should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline" and that (ii) "Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise."  Agilis does not, and cannot, seek an extension under Rule 7(j) given that Agilis neither filed a motion for relief from its opposition deadline *before* that deadline, nor complied with that deadline.  *See, e.g.*, *McPherson v. Homeward Residential*, No. C12-5920 BHS, 2014 WL 442378, at *3-4 (W.D. Wash. Feb. 4, 2014) ("Failure to comply with [Rule 7(j)] is alone sufficient to deny the McPhersons' motion for an extension of time to file their response.").

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
DETERMINATION OF ATTORNEYS' FEES AND COSTS - 2
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

1  (argument that time for filing summary judgment opposition under the Local Civil Rules was
2  too short and that counsel needed more time to prepare opposition was not "excusable
3  neglect" under Rule 6(b)(1)(B)); *Phillips v. Newspaper Holdings, Inc.*, No. C11-559 RSM,
4  2011 WL 4829410, at *3-4 (W.D. Wash. Oct. 12, 2011) (Rule 6(b)(1)(B)'s "excusable
5  neglect" standard not met where party "simply wanted more time to complete his
6  memoranda").

7  Moreover, granting Agilis's Excuse/Extension Motion would be prejudicial to
8  Ramgen. As described in the Fee Determination Motion, there is a risk of Agilis's non-
9  payment of the judgment, as Agilis appears to have intentionally structured its corporate
10 entities to impede collection efforts and thwart recovery. *See* Fee Determination Motion at
11 7:5-11. Granting Agilis's Excuse/Extension Motion would delay entry of the amended
12 judgment and further delay the expiration of FED. R. CIV. P. 62(a)'s 14-day automatic stay
13 applicable to the amendment, postponing Ramgen's ability to enforce the amended judgment.

14 Agilis's Excuse/Extension Motion should therefore be denied, and any untimely
15 opposition to the Fee Determination Motion that Agilis may file hereafter should be stricken.

16 In addition, Agilis's Excuse/Extension Motion is now moot. The December 5 noting
17 date for Ramgen's Fee Determination Motion has arrived, and Agilis has not requested that
18 the Court renote the Fee Determination Motion to a later date. Instead, Agilis asks the Court
19 to excuse Agilis's failure to timely file an opposition (as well as Agilis's failure to even file an
20 opposition before the Fee Determination Motion's noting date), and to allow Agilis to file its
21 opposition on December 9 after the noting date. Excuse/Extension Motion at 3-24-4:2.
22 Agilis's Excuse/Extension Motion should therefore be stricken as moot.

23
24

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
DETERMINATION OF ATTORNEYS' FEES AND COSTS - 3
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

## II.  CONCLUSION

Accordingly, for the reasons stated in the Fee Determination Motion, as well as the fact that Agilis has not filed an opposition to the Fee Determination Motion, Ramgen respectfully requests that the Court grant the Fee Determination Motion and enter the Amended Judgment in a Civil Action submitted therewith.

RESPECTFULLY SUBMITTED this 5th day of December, 2014.

**KELLEY, GOLDFARB, HUCK & ROTH, PLLC**

*s/ Michael A. Goldfarb*
Michael A. Goldfarb,   WSBA No. 13492
*s/ Christopher M. Huck*
Christopher M. Huck,   WSBA No. 34104
*s/ Kit W. Roth*
Kit W. Roth,                WSBA No. 33059
*s/ R. Omar Riojas*
R. Omar Riojas,          WSBA No. 34500
700 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone:     (206) 452-0260
Facsimile:      (206) 397-3062
E-mail:  goldfarb@kdg-law.com
            huck@kdg-law.com
            roth@kdg-law.com
            riojas@kelleygoldfarb.com

Attorneys for Plaintiff
Ramgen Power Systems, LLC

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
DETERMINATION OF ATTORNEYS' FEES AND COSTS - 4
CASE NO. 2:12-cv-01762-MJP

**KELLEY, GOLDFARB, HUCK & ROTH, PLLC**
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on December 5, 2014 and was served via the Court's CM/ECF system on all counsel of record.

*/s/ Michael A. Goldfarb*
Michael A. Goldfarb, WSBA No. 13492

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
DETERMINATION OF ATTORNEYS' FEES AND COSTS - 5
CASE NO. 2:12-cv-01762-MJP

KELLEY, GOLDFARB, HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062