1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   RAMGEN POWER SYSTEMS LLC,                CASE NO. C12-1762 MJP

11                    Plaintiff,              ORDER GRANTING IN PART
                                              PLAINTIFF'S MOTION FOR
12        v.                                  ATTORNEY'S FEES AND COSTS

13   AGILIS ENGINEERING INC,

14                    Defendant.

15

16        THIS MATTER comes before the Court on Plaintiff Ramgen Power Systems, LLC's

17   ("Plaintiff") Motion for Attorney's Fees and Costs ("Motion").  (Dkt. No. 132.)  The Court

18   reviewed Plaintiff's Motion, Defendant Agilis Engineering, Inc.'s ("Defendant") response, (Dkt.

19   No. 139), and all supporting documents.  The Court GRANTS in part Plaintiff's Motion.  The

20   Court GRANTS Plaintiff's request for $1,088,880.00 in attorney's fees and $6,442.90 in non-

21   taxable costs.  The Court does not consider Plaintiff's request for taxable costs in this Order.

22                                    **Background**

23        On November 7, 2014, the Court entered judgment in favor of Plaintiff following an

24   eight-day bench trial.  (Dkt. No. 131.)  The agreement between the parties—which was the

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS-
1

subject of their dispute—provides that, in the event of a dispute, the prevailing party is entitled to attorney's fees. (Dkt. No. 129 at 4.)  Accordingly, the Court's Findings of Fact and Conclusions of Law provided: "Ramgen is the prevailing party at trial.  Thus, Ramgen is also entitled to an award of costs and attorneys' fees to be determined by later motion." (Id. at 13.)  Plaintiff filed this Motion—seeking attorney's fees, taxable costs, and other costs incurred in this litigation—on November 20, 2014. (Dkt. No. 132.)

While it does not dispute that Plaintiff is entitled to an award of attorney's fees and costs, Defendant opposes the Motion arguing Plaintiff's request for attorney's fees and costs is unreasonable because: (1) Plaintiff failed to attach its fee agreements with its counsel and proof of payment to its Motion; (2) Plaintiff seeks to recover attorney's fees for billing entries that are excessive, duplicative, and non-compensable; (3) Plaintiff improperly seeks to recover attorney's fees pertaining to its unsuccessful claims; (4) Plaintiff has not met its burden of showing that the Court should apply a multiplier to the lodestar calculation; and (5) Plaintiff did not need a contingency agreement. (Dkt. No. 139 at 3-7.)

### Discussion/Analysis

### I.      Motion for Attorney's Fees and Costs

#### A.  Legal Standard

Washington law governs the method by which this Court calculates an award of attorney's fees and costs.  Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995) (". . . Ninth Circuit precedent has applied state law in determining not only the right to fees, but also in the method of calculating the fees.")  Washington courts apply the "lodestar" method to calculate an award of attorney's fees.  See e.g. Crest. Inc. v. Costco Wholesale Corp., 128 Wn. App. 760, 764 (2005) ("In determining the amount of attorney fees to be awarded to the prevailing party, the proper method for calculating a reasonable award of attorney fees is the

1   lodestar method.")  To calculate the lodestar, the Court must multiply "the total number of hours

2   reasonably expended in the litigation by the reasonable hourly rate."  Clausen v. Icicle Seafoods,

3   Inc., 174 Wash. 2d 70, 81 (2012).  "Once the lodestar has been calculated, the court may adjust

4   the fee to reflect factors not considered yet."  Id.  "[T]wo categories of adjustment are based on

5   whether the fee was contingent on the outcome and the quality of the work performed."  Id.

6   "The party requesting an adjustment has the burden to show the deviation is justified."  Id.

7   **B.  Fee Agreements and Proof of Payment**

8       Defendant first argues that Plaintiff's fee request is unreasonable because Plaintiff did not

9   attach its fee agreements with its counsel to the Motion and because Plaintiff also failed to

10  attached proof of payment of its attorney's fees.  (Id. at 3-4.)

11      Defendant's first argument is unavailing.  Defendant cites to no case law or authority that

12  requires Plaintiff to produce its fee agreements.  Further, as Plaintiff points out in its reply brief,

13  absent an order from this Court to do so, Plaintiff was not required to produce its fee agreements.

14  Fed. R. Civ. P. 54(d)(2)(B)(iv)  (". . .the motion [for attorney's fees] must: disclose, if the court

15  so orders, the terms of any agreement about fees for the services for which the claim is made.")

16  (emphasis added).  Further, while Defendant contends Plaintiff failed to attach proof of payment

17  to its Motion, Plaintiff has provided both invoices from its counsel and a supporting declaration

18  that explains Plaintiff paid the invoices before the agreement between Plaintiff and Plaintiff's

19  counsel was converted into a contingent agreement.  (See Dkt. No. 133 at 7.); (see also Dkt. No.

20  133-1.)

21      **C.  Billing Entries**

22      Defendant's second argument is that Plaintiff seeks to recover attorney's fees for billing

23  entries that are excessive, duplicative, and non-compensable.  (Dkt. No. 139 at 4.)  However,

24

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS-
3

1    instead of identifying particular billing entries that it believes to be excessive, duplicative, or

2    non-compensable, Defendant argues that, "viewed as a whole," Plaintiff's counsel's billing

3    entries are unreasonable.  (Id.)

4            This argument is unpersuasive.  Defendant's argument is premised on the contention that

5    the core of this case was simple.  (Dkt. No. 139 at 5.)  However, this contention is belied both by

6    the scope of work done by counsel for both parties in this case and by the complexity of

7    Defendant's defense.  As Defendant concedes in its response brief, Plaintiff opposed three

8    dispositive motions, took the deposition of ten witnesses, and defended eight depositions during

9    the course of this litigation in addition to propounding and responding to written discovery and

10   making other preparations for trial.  (Id.)  In addition, Plaintiff filed six motions in limine prior to

11   trial.  (Dkt. No. 83.)  Further, as Plaintiff points out in its reply brief, because Defendant asserted

12   seventeen affirmative defenses in this matter, Plaintiff was also required to investigate each of

13   these defenses.  (Dkt. No. 36.)  Finally, Plaintiff filed its complaint October 9, 2012.  (Dkt. No.

14   1.)  This Court entered judgment in this matter on November 7, 2014.  (Dkt. No. 131.)  Plaintiff's

15   counsel billed roughly 2,900 hours in this case—the equivalent of about 362 eight-hour work

16   days.  (Dkt. No. 139.)  Given the duration of the litigation—more than two years—the hours

17   Plaintiff's counsel billed are not excessive.

18           In light of the foregoing, the Court finds that Plaintiff's counsel's billing entries are

19   reasonable.

20   **D.  Unsuccessful Claims**

21           Defendant also argues Plaintiff improperly seeks to recover attorney's fees that relate to

22   Plaintiff's unsuccessful UCC and negligence claims.  (Dkt. No. 139 at 6-7.)  Plaintiff contends

23   that while these claims were unsuccessful, they share a "common core of facts" with the claims

24

1    upon which Plaintiff prevailed and that the Court, therefore, need not exclude billing entries

2    pertaining to these claims from its lodestar calculation. (Dkt. No. 132 at 8-9.)  Plaintiff further

3    contends that it has excluded certain billing entries pertaining to its UCC claims from its fee

4    calculation.  (Id. at 9.)

5            "The total hours an attorney has recorded for work in a case is to be discounted for hours

6    spent on 'unsuccessful claims, duplicated effort, or otherwise unproductive time.'"  Miller v.

7    Kenny, 180 Wn. App. 772, 823 (2014) (citing Bowers v. Transamerica Title Ins. Co., 100 Wash.

8    2d 581, 597 (1983)).  "But where the plaintiff's claims involve a common core of facts and

9    related legal theories, 'a plaintiff who has won substantial relief should not have his attorney's

10   fees reduced simply because the district court did not adopt each contention raised.'"  Martinez

11   v. City of Tacoma, 81 Wn. App. 228, 243 (1996) (citing Hensley v. Eckhart, 461 U.S. 424, 440

12   (1983)).

13           Here, all of Plaintiff's claims—including its unsuccessful claims—share a common core

14   of facts.  Indeed, Defendant concedes as much in its response brief but argues "[w]hile the claims

15   upon which Ramgen prevailed may share a common core of facts with these unsuccessful

16   claims, the matters at issue were not essentially the same . . ."  (Dkt. No. 139 at 6.)  Defendant's

17   argument is unpersuasive.  As Plaintiff points out in its Motion, ". . . the issues central to all of

18   the claims were the cause of the Rig's failure and whether Agilis breached a contract promise, a

19   warranty or a standard."  (Dkt. No. 132 at 8.)  Further, Plaintiff has excluded from its fee

20   calculation certain billing entries pertaining to its UCC claims.  (Id. at 9); (see also Dkt. No. 133

21   at 9.)  Finally, Plaintiff has excluded from its fee calculation other categories of attorney's fees—

22   e.g. fees associated with a motion for summary judgment that it did not bring and fees associated

23

24

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS-
5

1  with initial case evaluation work—to ensure that its fee request is reasonable.  (Dkt. No. 133 at

2  10.)

3          Based on the foregoing, the Court finds Plaintiff does not improperly seek to recover

4  attorney's fees that relate to its unsuccessful claims.

5  **F.  Lodestar Multiplier**

6          Plaintiff requests the Court apply a multiplier of 1.2 to the lodestar calculation.  (Dkt. No.

7  132 at 10-11.)  Defendant argues Plaintiff does not meet its burden of showing the Court should

8  apply a multiplier to the lodestar calculation because Plaintiff's Motion does not address its

9  chances of success in the litigation.  (Dkt. No. 139 at 7.)

10          Defendant's contention that Plaintiff does not address its chances of success in the

11  litigation is meritless because Plaintiff explains in its Motion that "[p]re-judgment, the technical

12  complexity of this case posed substantial litigation risk, and Agilis was steadfast in its denial of

13  responsibility."  (Dkt. No. 132 at 11) (quotations omitted).

14          Further, courts—including this Court—have applied a multiplier to the lodestar

15  calculation where there is a risk of non-payment and where the case is contingency-based.  See

16  e.g. Bloor v. Fritz, 143 Wn. App. 718, 749 (2008) (finding a multiplier of 1.2 appropriate where

17  attorneys represented plaintiffs on contingent fee basis); see also In re Washington Mut., Inc.

18  Sec. Litig., No. 08-MD-1919 MJP, 2011 WL 8190466, at *1 (W.D. Wash. Nov. 4, 2011) ("The

19  Court finds that a multiplier of 1.2 is reasonable and properly reflects the risk of non-payment

20  and the challenges Plaintiffs' counsel faced in pursuing this contingency-based case.")  Plaintiff

21  demonstrates that these factors were present in this case.  (Dkt. No 132 at 11); (see also Dkt. No.

22  133 at 11-12.)

23

24

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS-
6

1   In light of the foregoing, the Court finds a lodestar multiplier of 1.2 is appropriate in this

2   case.

3   **G.  Contingency Agreement**

4   Defendant's final argument is that Plaintiff did not need a contingency agreement.  (Dkt.

5   No. 139 at 7.)  Defendant argues: "At trial, Aaron Koopman testified that Ramgen had retained

6   $1 million in its account.  Thus there was no reason to enter into a contingency fee arrangement.

7   . ." (Id.)  This argument fails because the $1 million Defendant refers to was a payment Plaintiff

8   received from Dresser-Rand just before trial, more than a year _after_ Plaintiff entered into the

9   contingency fee agreement with its counsel.  (Dkt. No. 148 at 9.)

10   **H.  Taxable and Non-Taxable Costs**

11   Plaintiff seeks $55,938.44 in taxable costs and $6,442.90 in non-taxable costs.  (Dkt. No.

12   133 at 12-13.)  On January 7, 2015, the Court issued a minute order directing Plaintiff to file its

13   bill of taxable costs as a separate motion for the clerk's consideration per the local rules.  (Dkt.

14   No. 150.)  Therefore, the Court does not consider Plaintiff's request for taxable costs here.

15   Plaintiff seeks $6,442.90 in non-taxable costs.  (Dkt. No. 133 at 13.)  These non-taxable

16   costs include costs associated with discovery, mediation, and costs associated with courier

17   services.  (Dkt. No. 133-6.)  Defendant does not address Plaintiff's request for costs in its

18   response brief.  (Dkt. No. 139.)

19   Because Defendant does not challenge Plaintiff's request for non-taxable costs and

20   because the request is reasonable, the Court GRANTS Plaintiff's request for $6,442.90 in non-

21   taxable costs.

22

23

24

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS-
7

1

**Conclusion**

2     In light of the foregoing, the Court GRANTS in part Plaintiff's Motion.  The Court

3 GRANTS Plaintiff's request for $1,088,880.00 in attorney's fees and $6,442.90 in non-taxable

4 costs.  The Court does not consider Plaintiff's request for taxable costs in this Order.

5

6     The clerk is ordered to provide copies of this order to all counsel.

7     Dated this 23rd day of January, 2015.

8

9

Marsha J. Pechman
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS-
8